UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 12-po-30003

v.

JOSE ANGEL LOPEZ-HERNANDEZ
_____/

**DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.  Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>  (1)  The Government moved for detention at the Defendant's first appearance pursuant to:

    <u>XX</u>  18 U.S.C. § 3142(f)(1).

    <u>  </u>  18 U.S.C. § 3142(f)(2).

<u>  </u>  (2)  A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.  Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

<u>  </u>  (1)  The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

<u>  </u>  (2)  The offense described in finding was committed while the Defendant was on

        release pending trial for a federal, state or local offense.

\_\_ (3) A period of less than five years has elapsed since

    \_\_ the date of conviction, **or**

    \_\_ the Defendant's release from prison for the offense described in finding (B)(1).

\_\_ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

    \_\_ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    \_\_ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    \_\_ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    \_\_ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    \_\_ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    \_\_ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D. Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

\_\_ (1) There is a serious risk that the Defendant will not appear.

\_\_ (2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

\_\_ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

XX by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

\_\_ both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention apply, the Court will therefore consider the Defendant's circumstances using the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves as domestic assault upon a member of the Saginaw Chippewa Native American Tribe. I find from review of the affidavit supporting Complaint filed against the Defendant, there is a definite weight of evidence supporting the charge made against the Defendant.

As to subsection 3142(g)(3), the Defendant conceded during the hearing that he is not a United States citizen. No evidence was presented indicating that the Defendant is residing in the United States legally. The Defendant further understood

that if released, U.S. Immigration and Customs Enforcement could seek to deport him. The Assistant United States Attorney represented that the Defendant is known to travel and stay in the Lansing area, staying at unknown locations.

As I weigh the evidence presented I conclude that although the Defendant has some tenuous ties to this area, he poses a significant risk of flight, in addition to some danger to the community. For all these reasons, I conclude that there are no conditions nor any combination of conditions I could fashion which would reasonably assure the Defendant's appearance as required. For those reasons the Government's motion to detain will be **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

  s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
  CHARLES E. BINDER
Dated: November 9, 2012    United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Robert Dunn, and served on the U.S. Marshal's Service by other electronic means.

Date: November 9, 2012        By     s/*Jean L. Broucek*
                                           Case Manager to Magistrate Judge Binder